SHORTESS, Judge.
Robert C. Dawson, Jr., Lyde Ann Dawson Eichsteadt, Calvert A. Dawson, Mary Dawson Olinde, Mae Merril Dawson Kaiser, Blase Merton Dawson, Quenton Joseph Dawson, Rose Mary Dawson Landry, June Dawson Purpera, and Myrtle McGraw Dawson (appellants) have appealed from a judgment which dismissed their petitory action, wherein they sought to be recognized as owners of the following described property:
A certain lot of land with all buildings and improvements thereon and all rights, ways, privileges, servitudes and appurtenances thereunto belonging or in any wise appertaining, situated in the Parish of Pointe Coupee, State of Louisiana, having a front of three (3) acres on the right of way of the Texas and Pacific Rwy. Co., by a depth between parallel lines of three (3) acres, and being bounded in front or North by the right of way aforesaid, South and West by land now or formerly of Charles W. Dawson, and on the East by the road known as Deaton Lane.
Title to this property was acquired by appellants’ predecessors in title on January 7, 1948, and it was stipulated that appellants were the proper legal parties to bring this action.
On April 24, 1959, appellants’ predecessors by act of mortgage, mortgaged six items of immovable and movable property, to the Bank of New Roads. The error complained of in this appeal, simply stated, is that this act of mortgage did not clearly and expressly describe the above-described tract; that the mortgage was vague and ambiguous; and that this tract was not included in the mortgage.
The trial court, with written reasons, found that the tract described above (item 1 of the mortgage) was clearly and properly described and included in the mortgage; that in item 4, where a larger tract containing 53 acres was also hypothe-cated, the above-described tract was excluded from that description. The trial court felt that the language which excluded the above-described tract was necessary to properly describe the 53-acre tract.
Article 3306 of our Civil Code provides: To render a conventional mortgage valid, it is necessary that the act establishing it shall state precisely the nature and situation of each of the immovables on which the mortgage is granted.
The law in this regard has historically been interpreted as in State ex rel. Brisbois v. Recorder of Mortgages, 1915, 13 Orleans App. 229:
An inscription of a conventional mortgage must substantially describe the mortgaged property. It must be reasonably accurate and full in itself, so far as to inform the public what property is covered; . . .
The description of the property set forth in item 4 recites as follows:
4th: (A) A certain tract of land, situated in the Parish of Pointe Coupee, State of Louisiana, containing fifty-three (53) acres, more or less, bounded in front by F. Bourgeois and Emile Bourgeois, above by Edwin Vosburg, below by Dolph Dea-ton and in the rear by Charles Debetaz (all now or formerly).
Being the same property which was acquired by Charles W. Dawson from Frank F. Bourgeois as per Act of Sale *452 dated March 4, 1908, filed and recorded under Entry No. 25585, Conveyance Records, Parish of Pointe Coupee, Louisiana.
(B) A certain tract of land, situated in the Parish of Pointe Coupee, State of Louisiana, containing four (4) acres, bounded in front by the right-of-way of the Texas and Pacific Railway Company, above by land of Edwin Vosburg, below by lands of Emile Bourgeois and in the rear by lands of Charles W. Dawson (all now or formerly).
Being the same property which was acquired by Charles W. Dawson from Frank F. Bourgeois as per Act of Sale dated October 18,1910, filed and recorded under Entry No. 27269, Conveyance Records, Parish of Pointe Coupee, Louisiana. LESS AND EXCEPT THEREFROM:
First: A certain lot or parcel of ground, situated in the Parish of Pointe Coupee, State of Louisiana, having a front of three (3) acres on the right-of-way of The Texas and Pacific Railway Company by a depth between parallel lines of three (3) acres and being bounded in front or North by the right-of-way aforesaid, South and West by the remainder of lands of Charles W. Dawson or assigns, and on the East by a road known as Deaton Lane.
Second: A certain tract or parcel of land, with all the buildings and improvements thereon, situated in the Parish of Pointe Coupee, State of Louisiana, containing forty (40) acres, more or less bounded in front or North by the right-of-way of the Texas and Pacific Railway Company, on the East by the middle of Patsy Bayou, in the rear or South by property formerly of Chas. Debetaz and by property of Mrs. Elizabeth Gilmer Lacour and on the West by property of Mrs. Elizabeth Gilmer Lacour.
We agree with the trial court. It was correct in its conclusion that the “less and except” language contained in item 4 was necessary to properly describe the tract which was being mortgaged. It did not refer to the mortgage instrument itself, and did not remove item 1 from the mortgage.
For these reasons, the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.